ANTHONY J. ORSHANSKY, Cal. Bar No. 199364
anthony@counselonegroup.com
ALEXANDRIA R. KACHADOORIAN, Cal. Bar No. 240601
alexandria@counselonegroup.com
JUSTIN KACHADOORIAN, Cal. Bar No. 260356
justin@counselonegroup.com
COUNSELONE, P.C.
9301 Wilshire Boulevard, Suite 650
Beverly Hills, California 90210
Telephone: (310) 277-9945
Facsimile:  (424) 277-3727

Attorneys for Plaintiff JOE H. RODRIGUEZ, on behalf of
himself and others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE H. RODRIGUEZ, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>TTM TECHNOLOGIES, Inc., a Delaware corporation,<br><br>    Defendant. | Case No.<br><br>**CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR:**<br><br>(1) Violation of 15 U.S.C. §§ 1681b(b)(2)(A) and 1681d(a);<br>(2) Violation of 15 U.S.C. §1681b(b)(3)(A);<br>(3) Violation of California Civil Code §1786.16(a)(2);<br>(4) Violation of Cal. Lab. Code § 212;<br>(5) Violation of Cal. Lab. Code § 226(a);<br>(6) Violation of Cal. Lab. Code § 203;<br>(7) Penalties Pursuant to Cal. Lab. Code § 2699; and<br>(8) Violation of California Bus. & Prof. Code §§ 17200, *et seq.*<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Joe H. Rodriguez (hereinafter, "Plaintiff"), on behalf of himself and all others similarly situated, complains of Defendant TTM Technologies, Inc., a Delaware corporation (hereinafter, "Defendant"), as follows:

## NATURE OF ACTION

1. This class action arises from Defendant's acquisition and use of consumer and/or investigative consumer reports (referred to collectively as "background reports") to conduct background checks on Plaintiff and prospective employees.

2. Defendant routinely obtains and uses information from background reports in connection with its hiring processes without complying with state and federal mandates for doing so.

3. Plaintiff, individually and on behalf of all other members of the public similarly situated, seeks compensatory and punitive damages due to Defendant's systematic and willful violation of, *inter alia*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

4. Defendant has violated the requirements under this statute in at least two separate ways: (1) failure to provide proper pre-authorization disclosures; and (2) failure to provide proper adverse-action disclosures.

5. First, the procurement of background reports for employment purposes is subject to strict disclosure requirements under federal law pursuant to the FCRA. Among other things, an employer may not procure a background report concerning a job applicant or employee unless a "clear and conspicuous" disclosure is made in a stand-alone document that consists solely of the disclosure informing the applicant or employee that a report may be obtained for employment purposes.  This required disclosure document is sometimes referred to as a "pre-authorization" form.

6. Defendant fails to provide the requisite pre-authorization disclosure to applicants and employees before procuring background reports.  For these reasons, among others, Defendant violates the law.

///

1

7. Second, the FCRA requires users of consumer reports to follow certain procedures and provide certain disclosures prior to and after taking adverse actions against current and former employees based in whole or in part on their consumer report information.  Among other things, prior to taking an adverse action, an employer must provide a "pre-adverse action" notice, which includes a copy of the consumer report and a current version of the FCRA Summary of Rights promulgated by the Federal Trade Commission ("FTC") and Bureau of Financial Protection.  After taking the adverse action the employer must then provide a separate "post-adverse action" notice, which includes the contact information of the consumer reporting agency that supplied the report; a statement that the agency supplying the report did not make the decision to take the unfavorable action and cannot give specific reasons for the action; and a notice of the applicant or employee's right to dispute the accuracy of the information furnished by the consumer reporting agency; and that a free additional report is available from the agency if the person asks for it within 60 days, among other requirements.

8. Defendant failed to provide a copy of the consumer report and/or a current version of the FCRA Summary of Rights prior to taking an adverse action against Plaintiff, namely, suspending him from employment, and also failed to provide a separate notice of the adverse action with the requisite information prescribed under the FCRA after taking the adverse action.  For these reasons, among others, Defendant's failure to provide any pre- and/or post-adverse action notice violates the law.

9. As further alleged herein, Defendant's violations occurred because Defendant has willfully failed to properly apprise themselves of and follow the statutory mandates before seeking, acquiring, and utilizing background reports to make employment decisions; violated the express and unambiguous provisions of the relevant statutes; and/or failed to implement reasonable procedures to assure compliance with statutory mandates.

2

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

10. As a result of Defendant's wrongful acts and omissions, Plaintiff and other putative class members have been injured, including, without limitation, having their privacy and statutory rights invaded in violation of the FCRA.

11. On behalf of himself and putative class members, Plaintiff seeks statutory, actual and/or compensatory damages, punitive damages, costs and expenses of litigation including attorney's fees, and equitable relief, including injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief that may be appropriate.  Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

## PARTIES

12. At all times mentioned herein, Defendant was and is a Delaware corporation with its principal place of business in Costa Mesa, California and was, at all times relevant to this complaint, engaged in commercial transactions throughout this county, the State of California, and the various states of the United States of America.

13. At all times mentioned herein Plaintiff was and is a resident of the State of California.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the transactionally related state law claims under 28 USC § 1367(a).

15. This Court also has jurisdiction pursuant to 28 U.S.C. § 1441(a) based on 18 U.S.C. § 1332(d).  This is a putative class action whereby:  (i) the proposed nationwide class consists of more than 100 members; (ii) at least some class members have a different citizenship from Defendant; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

///

///

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

16. Venue is proper pursuant to 28 U.S.C. §§ 84(c)(3) and 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## FACTUAL BACKGROUND

### Pre-Authorization

17. Beginning on September 1, 2016, as a result of a background report (i.e., a consumer report and/or investigative consumer report, as defined by 15 U.S.C. § 1681a(d)(1)(B) and 15 U.S.C. § 1681a(e)), procured or caused to be prepared by Defendant, Plaintiff was suspended from employment through September 15, 2016. Plaintiff was ultimately terminated as a result of the background report that Defendant obtained from HireRight.

18. Under the FCRA, it is unlawful to procure or caused to be procured a consumer report[1] for employment purposes unless a disclosure is made to the applicant or employee in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes and the applicant or employee authorizes, in writing, the procurement of the report.   15 U.S.C. § 1681b(b)(2)(A)(i)-(ii).   A similar requirement obtains under the ICRAA.   *See* Cal. Civ. Code § 1786.16(a)(2)(B) ("The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure[.]").

19. The FTC has warned that the form should not include any extraneous information or be part of another document.  For example, in response to an inquiry as to whether the disclosure may be set forth within an application for employment or whether it must be included in a separate document, the FTC stated:

---

[1] Section 1681a(d)(1) of the FCRA defines "consumer report" as any oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for employment purposes.

4

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

> The disclosure may not be part of an employment application because the language [of 15 U.S.C. § 1681b(b)(2)(A) is] intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side within the disclosure.[2]

20. The plain language of the statute also clearly indicates that the inclusion of extraneous information in a disclosure form violates the disclosure and authorization requirements of the FCRA because such a form would not consist "solely" of the disclosure. In fact, the FTC expressly warned that the FCRA notice may not include extraneous information. In a report dated July 2011, the FTC emphasized that "the notice [under 15 U.S.C. § 1681b(b)(2)(A)] may not include extraneous or contradictory information[.]"

21. Many Courts have also determined that the inclusion of extraneous information violates § 1681b(b)(2)(A) of the FCRA. *See, e.g., Speer v. Whole Food Market Group., Inc.*, No. 8:14-CV-3035-T-26TBM, 2015 WL 1456981, *3 (M.D. Fla. Mar. 30, 2015); *Lengel v. HomeAdvisor, Inc.*, 2015 U.S. Dist. LEXIS 59017, *19-24 (D. Kan. May 5, 2015); *Milbourne v. JRK Residential Amer.*, LLC, 2015 U.S. Dist. LEXIS 29905, *14-19 (E.D. Va. Mar. 11, 2015); *Avila v. NOW Health Group, Inc.*, 2014 U.S. Dist. LEXIS 99178, *6-8 (N.D. Ill. July 17, 2014); *Reardon v. Closetmaid Corp.*, 2013 U.S. Dist. LEXIS 169821, *14-27 (W.D. Pa. Dec. 2, 2013); *Singleton v. Domino's Pizza, LLC*, 2012 U.S. Dist. LEXIS 8626, *27-34 (D. Md. Jan. 25, 2012); and *EEOC v. Video Only, Inc.*, 2008 U.S. Dist. LEXIS 46094 (D. Or. June 11, 2008).

22. Defendant violated the FCRA by failing to provide Plaintiff and other members of the putative class with the requisite disclosure that a consumer report may be procured for employment purposes in a document that consists solely of the disclosure.

---

[2] Letter from Clarke W. Brinckerhoff, Fed. Trade Comm'n, to H. Roman Leathers, Manier & Herod (Sept. 9, 1998), available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98 (last accessed March 16, 2016).

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

23. The purported authorization signed by Plaintiff and other members of the proposed class is encumbered with extraneous information including the statement that "I understand that information contained in my employment or contractor application, or otherwise disclosed by me before or during my employment or contract assignment, if any, may be used for the purpose of obtaining and evaluating background reports on me. I also understand that nothing herein shall be construed as an offer of employment or contract for services."

24. The authorization also contained the additional extraneous information that "I hereby authorize all of the following, without limitation, to disclose information about me to the consumer reporting agency and its agents: law enforcement and other federal agencies, learning institutions (including public and private schools, colleges and universities), testing agencies, information service bureaus, credit bureaus, record data repositories, courts (federal state and local), motor vehicle records agencies, my past or present employers, the military, and all other individuals and sources with any information about or concerning me. The information that can be disclosed to the consumer reporting agency and its agents includes, but is not limited to, information concerning my employment and earnings history, education, motor vehicle history, criminal history, military service, professional credentials and licenses."

25. Moreover, the authorization contained the following certification: "By my signature below, I also certify the information I provided on and in connection with this form is true, accurate and complete."

26. The authorization was also invalid because it contained extraneous questions to Plaintiff, including "Have you ever been sanctioned or had your licenses suspended or revoked by any regulatory agency?" and "Are you currently under any investigation or pending charge?"

///

///

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

27. The inclusion of extraneous and irrelevant information means that the disclosure was not "clear and conspicuous" or "clear[] and accurate[]" and thus violated Sections 1681b(b)(2)(A) and 1681d(a).

28. Defendant also violated the FCRA by failing to disclose under 15 U.S.C. § 1681d(a)(1)(B) that Plaintiff and other members of the putative class have the right to request additional disclosures including the nature and scope of the investigation under subdivision (b).

**Adverse Action**

29. Upon information and belief, Defendant procured or caused to be procured a background report on Plaintiff from a consumer reporting agency and/or investigative consumer reporting agency, and in September 2016 Defendant suspended Plaintiff from employment because of information contained in his background report.

30. Despite Defendant's intent to take an adverse action, Defendant did not provide Plaintiff with a copy of the report before taking adverse action or the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection, as required by section 1681b(b)(3)(A) of the FCRA. Instead, Defendant suspended Plaintiff from employment for a week before providing him with a copy of his background report.

31. Additionally, following Defendant's adverse action, and after a reasonable period of time, Defendant did not provide a separate post-adverse action notice which includes the contact information of the consumer reporting agency that supplied the report; a statement that the agency supplying the report did not make the decision to take the unfavorable action and cannot give specific reasons for the action; and a notice of the applicant or employee's right to dispute the accuracy of the information furnished by the consumer reporting agency and that a free additional report is available from the agency if the person asks for it within 60 days, among other requirements under section 1681m(a) of the FCRA.

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

## **Defendant Willfully Violated the FCRA.**

32. Defendant's misconduct, as alleged herein, was willful and/or reckless in that Defendant knew or reasonably should have known that its conduct violated the law because of the following facts, among others:

- The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant but failed to do so;

- Defendant's conduct is inconsistent with longstanding FTC guidance and reports that pre-dated Defendant's conduct, judicial interpretation, and the plain language of the statute, as discussed above;

- Defendant had actual knowledge of FCRA requirements, as evidenced from statements specifically pertaining to the FCRA in application materials;

- Defendant's authorization form, though defective, shows that Defendant was aware of consumer-reporting laws;

- Upon information and belief, Defendant had communications and/or consultations with one or more consumer reporting agencies knowledgeable about state and federal consumer-reporting requirements;

- Upon information and belief, Defendant was required to provide certifications to consumer reporting agencies under the FCRA stating that Defendant would comply with the disclosure, authorization, and adverse-action requirements;[3] and

- Upon information and belief, Defendant has dedicated in-house and outside counsel with knowledge of FCRA requirements.

///

///

///

///

_____

[3] *See* 15 U.S.C. § 1681b(b)(1).

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

33. Defendant uses a consumer reporting agency (CRA) called HireRight, which provides "CRA compliance information and online templates of all letters and forms necessary to comply with FCRA employment background screening requirements, including: Applicant Disclosure and Consent forms[,] Adverse Action letters[, and] Summary of Consumer Rights."[4]

34. Despite Defendant's knowledge of their legal requirements under the FCRA, Defendant systematically failed to comply with these requirements.

**Labor Code Violations**

35. From at least four (4) years prior to the filing of this action and continuing to the present, Defendant has paid the wages of Plaintiff and other members of the putative class with payroll debit cards.

36. To withdraw their wages in cash using these payroll debit cards Plaintiff and putative class members must pay a fee of as much as three dollars ($3.00) per transaction.

37. From at least four (4) years prior to the filing of this action and continuing to the present, Defendant failed to provide Plaintiff and members of the putative class with timely, accurate, and itemized wage statements, as required by California wage-and-hour laws.

38. Moreover, the payment of a fee to withdraw wages in cash using Defendant's payroll debit cards reduced the wages of Plaintiff and putative class members. These wages have not been paid to Plaintiff or other members of the putative class at the time of termination or within seventy-two (72) hours of resignation, as required by California wage-and-hour laws.

**CLASS ALLEGATIONS**

39. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the following class:

---

[4] http://www.hireright.com/resources/fcra-compliance (last accessed March 16, 2016).

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

> All persons residing in the United States (including all territories and other political subdivisions of the United States) who applied for employment with or were employed by Defendant within the five (5) years immediately preceding the filing of this lawsuit and on whom Defendant procured one or more consumer reports or investigative consumer reports ("FCRA Pre-Authorization Class").

40. Plaintiff's proposed California subclass consists of and is defined as follows:

> All persons residing in California who applied for employment with or were employed by Defendant within the longest applicable limitations period and on whom Defendant procured one or more investigative consumer reports ("California Pre-Authorization Subclass").

41. Plaintiff's second proposed class consists of and is defined as follows:

> All persons residing in the United States (including all territories and other political subdivisions of the United States) who applied for employment with or were employed by Defendant within the five (5) years immediately preceding the filing of this lawsuit against whom Defendant took adverse employment actions based, in whole or in part, on information contained in a consumer report or investigative consumer report ("FCRA Adverse Action Class").

42. Plaintiff's third proposed class consists of and is defined as follows:

> All persons residing in California who were employed by Defendant from four (4) years prior to the filing of this action and continuing to the present ("California Wage-and-Hour Class").

43. Members of the classes, as described above, will be referred to as "class members." Excluded from the classes and subclasses are: (1) Defendant, any entity or division in which either Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff and members of their immediate family.

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff reserves the right to amend the above classes and subclasses and to add additional subclasses as appropriate based on investigation, discovery, and the specific theories of liability. Plaintiff reserves the right to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues.

44. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the classes and subclasses are easily ascertainable.

### A.    Numerosity

45. Although the precise number of class members has not been determined at this time, Plaintiff estimates that the classes and subclasses consist of more than one hundred members and that the identity of such persons is readily ascertainable by inspection of Defendant's employment and/or hiring records. Therefore it is reasonable that the class members are so numerous that joinder is impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

### B.    Common Questions Predominate

46. There are questions of law and fact common to the classes and subclasses that predominate over any questions affecting only individual putative class members. Thus proof of a common set of facts will establish the right of each class member to recovery. These common questions of law and fact include but are not limited to:

a.    Whether Defendant violated the FCRA by failing to provide class members with a "clear and conspicuous" disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes;

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

b. Whether Defendant violated the FCRA by failing to clearly and accurately disclose to class members in writing and not later than three days after the date on which the report was first requested that an investigative consumer report may be made;

c. Whether Defendant violated the FCRA by failing to provide class members with the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection;

d. Whether Defendant violated section 1681b(b)(3)(A) of the FCRA by failing to provide applicants and employees with copies of their consumer reports or investigative consumer reports before taking adverse action, as required by section 1681b(b)(3)(A) of the FCRA;

e. Whether Defendant violated section 1781(m)(a) of the FCRA by failing to make required disclosures to applicants and employees against whom adverse action was taken;

f. Whether Defendants violated the ICRAA by failing to provide a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure the information required under Cal. Civ. Code § 1786.16(a)(2)(B)(i)-(vi);

g. Whether Defendant violated Labor Code § 212 by paying Plaintiff and putative class members with payroll debit cards for which they were charged a fee to withdraw their wages in cash;

h. Whether Defendants violated Labor Code § 226(a);

i. Whether Defendants violated Labor Code §§ 201-203 by failing to pay wages and compensation due and owing at the time of termination or within seventy-two (72) hours of resignation; and

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

j.   Whether Defendants' conduct described herein constitutes a violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*, entitling Plaintiff and members of the putative class to equitable relief.

**C.     Typicality**

47. Plaintiff's claims are typical of the claims of the putative class members because Defendant failed to provide Plaintiff with the requisite disclosures and engaged in adverse action against him without complying with the disclosure requirements under the FCRA.   Plaintiff and each class member sustained similar injuries arising out of Defendant's conduct in violation of law.   The injuries of each class member were caused directly by Defendant's wrongful conduct.   In addition, the factual underpinning of Defendant's misconduct is common to all putative class members and represents a common thread of misconduct resulting in injury to all class members.   Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the class members and are based on the same legal theories.

**D.     Adequacy**

48. Plaintiff will fairly and adequately represent and protect the interests of the classes and subclasses.   Counsel who represent Plaintiff and putative class members are experienced and competent in litigating class actions.

**E.     Superiority of Class Action**

49. A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of putative class members is not practicable, and questions of law and fact common to putative class members predominate over any questions affecting only individual putative class members.   Each putative class member has been damaged and is entitled to recovery as a result of the violations alleged herein.   Moreover, because the damages suffered by individual members of the classes and subclasses may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the classes and subclasses to redress the wrongs done to them,

while an important public interest will be served by addressing the matter as a class action.  Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

50. The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met because Defendant has acted or refused to act on grounds generally applicable to the classes and subclasses, thereby making appropriate final injunctive or equitable relief with respect to the classes and subclasses.

51. The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met because questions of law and fact common to each class member predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

52. Plaintiff is unaware of any difficulties in managing this case that should preclude class action.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(2)(A) and 1681d(a)

### *(Brought on Behalf of the FCRA Pre-Authorization Class)*

53. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

54. Defendant is a "person" as defined by Section 1681a(b) of the FCRA.

55. Plaintiff and class members are "consumers" within the meaning Section 1681a(c) of the FCRA because they are "individuals."

56. Section 1681b(b)(2)(A) of the FCRA provides, in relevant part:

(b) Conditions for furnishing and using consumer reports for employment purposes.

…

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

(2) Disclosure to consumer
    (A) In general
    Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
        (i) a **clear and conspicuous** disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
        (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person. (Emphasis Added.)

57. Section 1681d(a) provides, in relevant part:

 (a) Disclosure of fact of preparation
    (1) A person may not procure or cause to be prepared an **investigative consumer report** on any consumer unless—

        (1) it is **clearly and accurately disclosed** to the consumer that an investigative consumer report including information as to his character, general reputation, personal characteristics, and mode of living, whichever are applicable, may be made, and such disclosure

            (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and

            (B) **includes a statement informing the consumer of his right to request the additional disclosures** provided for under subsection (b) of this section **and the written summary of the rights of the consumer prepared pursuant to section 1681g(c)** of this title[.] (Emphasis Added.)

58. As alleged above, Defendant violates Section 1681b(b)(2)(A) of the FCRA by failing to provide Plaintiff and class members with a clear and conspicuous written disclosure before a consumer report is procured or caused to be procured that a consumer report may be obtained for employment purposes in a document that consists solely of the disclosure.

15

59. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has policies and practices of failing to provide adequate written disclosures to applicants and employees before procuring consumer reports or causing consumer reports to be procured.  Pursuant to these policies and practices, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiff and class members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

60. Defendant violated section 1681d(a)(1) of the FCRA by failing to "clearly and accurately" disclose that an investigative consumer report may be made; failing to include a statement informing Plaintiff and class members that an investigative consumer report involves personal interviews with sources such as neighbors, friends, or associates; failing to inform them of their right to request the additional disclosures provided for under 1681d(b); and failing to provide a written summary of Plaintiff's and class members' rights under 1681g(c) as part of the disclosure.

61. On information and belief and based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured on applicants and employees without providing a written summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made.  Pursuant to that policy and practice, Defendant procured investigative consumer reports or caused investigative consumer reports to be procured on Plaintiff and class members without providing a timely written summary of their rights under the FCRA.

62. As alleged above, Defendant's conduct in violation of Section 1681b(b)(2)(A) and 1681d(a) of the FCRA was and is willful in that Defendant acted

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

1  in deliberate or reckless disregard of its obligations and the rights of applicants and

2  employees, including Plaintiff and class members.

3      63. As a result of Defendant's illegal procurement of background reports by

4  way of its inadequate disclosures, as set forth above, Plaintiff and class members have

5  been injured, including, but not limited to, having their privacy and statutory rights

6  invaded in violation of the FCRA.  Owing to the inadequacy of Defendant's disclosure

7  and authorization, Plaintiff and class members did not know that a consumer report

8  or investigative consumer report was being obtained and/or did not understand or

9  appreciate what that meant.

10     64. Plaintiff, on behalf of himself and all class members, seeks all available

11  remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual

12  damages, punitive damages, injunctive and equitable relief, and attorneys' fees and

13  costs.

14     65. In the alternative to Plaintiff's allegation that these violations were

15  willful, Plaintiff alleges that the violations were negligent and seeks the appropriate

16  remedy, if any, under 15 U.S.C. Section 1681o.

17                        **SECOND CAUSE OF ACTION**

18  **VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §**

19                            **1681b(b)(3)(A)**

20              ***(As to the FCRA Adverse Action Class Only)***

21     66. Plaintiff hereby incorporates by reference the allegations contained in

22  this Complaint.

23     67. Section 1681a(k)(1)(B)(ii) of the FCRA defines "adverse action" as "a

24  denial of employment or any other decision for employment purposes that adversely

25  affects any current or prospective employee."

26     68. Section 1681b(b)(3)(A) of the FCRA requires that anyone attempting to

27  take any adverse action based in whole or in part on a consumer report must first

28  "provide to the consumer to whom the report relates a copy of the report; and a

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

description in writing of the rights of the consumer under this subchapter, as prescribed by the [Bureau of Financial Protection] under section 1681g(c)(3) of this title," i.e., the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection.

69. Based upon the facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant has a policy and practice of taking adverse actions against applicants and employees based in whole or in part on a consumer report, without first providing them with a copy of the consumer report or a current version of the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection.

70. At all relevant times herein, Defendant, pursuant to the policy and practice described above, took adverse action against Plaintiff and class members based in whole or in part on a consumer report, without first providing (1) a copy of the consumer report(s) used and/or (2) a written description of the rights of the consumer, i.e., the FCRA Summary of Rights promulgated by the FTC and Bureau of Financial Protection.

71. As alleged above, Defendant's conduct in violation of Section 1681b(b)(3)(A) of the FCRA was and is willful in that Defendant acted in deliberate or reckless disregard of its obligations and the rights of applicants and employees, including Plaintiff and class members.

72. As a result of Defendant's inadequate disclosures prior to taking adverse action against Plaintiff and class members, Plaintiff and class members have been injured including, but not limited to, having their privacy and statutory rights invaded in violation of the FCRA. Plaintiff also suffered anxiety, stress, and confusion as a result of Defendant's inadequate disclosures. Additionally, Plaintiff and class members have been injured in that Defendant's conduct caused a material diminishment in their employment prospects without being fully informed of their statutory rights or having an opportunity to invoke those rights and reverse any

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

adverse employment action taken by Defendant.   For example, Plaintiff was not retained as a result of Defendant's conduct.   Because of Defendant's inadequate disclosures, he was deprived of the opportunity to take advantage of his statutory rights.

73. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to 15 U.S.C. § 1681n, including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

74. In the alternative to Plaintiff's allegation that these violations were willful, Plaintiff alleges that the violations were negligent and seeks the appropriate remedy, if any, under 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT,
## CAL. CIV. CODE § 1786.16
### *(As to the California Pre-Authorization Subclass Only)*

75. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

76. Defendant is a "person" as defined by Cal. Civ. Code § 1786.2(a).

77. Section 1786.2(c) of the ICRAA defines "investigative consumer report" as "a consumer report in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through any means."

78. Section 1786.2(d) of the ICRAA defines "investigative consumer reporting agency" as "any person who, for monetary fees or dues, engages in whole or in part in the practice of collecting, assembling, evaluating, compiling, reporting, transmitting, transferring, or communicating information concerning consumers for the purposes of furnishing investigative consumer reports to third parties, but does not include any governmental agency whose records are maintained primarily for traffic

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

safety, law enforcement, or licensing purposes, or any licensed insurance agent, insurance broker, or solicitor, insurer, or life insurance agent."

79. Section 1786.16(a)(2)(B)(iv)-(vi) of the ICRAA provides in relevant part as follows:

(2) If, at any time, an investigative consumer report is sought for employment purposes other than suspicion of wrongdoing or misconduct by the subject of the investigation, the person seeking the investigative consumer report may procure the report, or cause the report to be made, only if all of the following apply:

…

(B) The person procuring or causing the report to be made provides a *clear and conspicuous disclosure* in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

…

(iv) *Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.*

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Section 1786.22.

(vi) *Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency* identified in clause (iv), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Section 1786.20. This clause shall become operative on January 1, 2012.  (Emphasis added.)

80. Defendant violated Section 1786.16(a)(2)(B)(i)-(vi) of the ICRAA by failing to provide Plaintiff and putative class members with a disclosure that an

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

investigative consumer report may be obtained; identifying the permissible purpose of the report; stating that the report may include information on the consumer's character, general reputation, personal characteristics, and mode of living; disclosing the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation; describing the nature and scope of the investigation; and providing the website address of the investigative consumer reporting agency or the telephone number of the agency where the consumer may find information about the investigative reporting agency's privacy practices. *See* Cal. Civ. Code § 1786.16(a)(2)(B)(iv)-(vi).

81. As a result of Defendant's willful, reckless, or grossly negligent failure to provide the required form and/or report(s) as set forth above, Plaintiff and class members have been injured by, among other things, having their privacy and statutory rights invaded in violation of the ICRAA.

82. Plaintiff, on behalf of himself and all class members, seeks all available remedies pursuant to Cal. Civ. Code § 1786.50 including actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

## PENALTIES PURSUANT TO LABOR CODE § 212

83. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

84. Labor Code § 212 states that "no person … shall issue in payment of wages due … [a]ny order, check, draft, note, memorandum, or other acknowledgement of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument."

///

///

///

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

85. Defendant failed to provide their employees with orders, checks, drafts, notes, memoranda, or other acknowledgments of indebtedness, that were negotiable and payable in cash, on demand, without discount, at some established place of business in this State, the name of which appeared on the instrument.

86. As alleged above, Defendant paid the wages of Plaintiff and members of the proposed class through payroll debit cards.  This form of payment was not negotiable and payable in cash on demand, without discount, and within the State, with the name and address of the business where wages might be paid appearing thereon.  Rather, Plaintiff and putative class members had to pay as much as three dollars in fees every time they used their payroll debit cards to withdraw their wages in cash.

87. As a result of Defendant's violation of Labor Code § 212, Plaintiff and members of the proposed class suffered damages.  Plaintiff is entitled to recover these damages, plus interest thereon, in an amount to be proven at trial.

## **FIFTH CAUSE OF ACTION**

### **VIOLATION OF LABOR CODE § 226(a)**

88. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

89. California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing

i)      gross wages earned,

ii)     total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

iii)    the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

iv) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

v) net wages earned,

vi) the inclusive dates of the period for which the employee is paid,

vii) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

viii) the name and address of the legal entity that is the employer, and

ix) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

90. Defendants failed to provide Plaintiff and members of the proposed class with accurate, itemized wage statements in writing, as required by the Labor Code.

91. As a direct and proximate cause of Defendant's violation of Labor Code § 226(a), Plaintiff and members of the proposed class suffered injuries, including uncertainty over wages earned and owed.

92. Pursuant to Labor Code §§ 226(a) and 226(e), Plaintiff and members of the proposed class are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000).  They are also entitled to an award of costs and reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION

### PENALTIES PURSUANT TO LABOR CODE § 203

93. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

94. Plaintiff and numerous other members of the proposed class are no longer employed by Defendant; they either quit Defendant's employ or were fired therefrom.

95. Defendant failed to pay Plaintiff and members of the proposed class sums certain at the time of termination or within seventy-two (72) hours of resignation.  As alleged above, Plaintiff and putative class members did not receive all wages owed at the separation of their employment because they had to pay fees to withdraw their wages in cash.

96. Defendant's failure to pay wages, as alleged above, was willful in that Defendant knew wages to be due but failed to pay them.

97. This violation entitles the proposed class to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

<u>**SEVENTH CAUSE OF ACTION**</u>

**PENALTIES PURSUANT TO LABOR CODE § 2699**

98. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

99. Plaintiff brings this claim as a representative action on behalf of all current and former aggrieved employees of Defendant.

100. Defendants have committed several Labor Code violations against Plaintiff and other similarly aggrieved employees.

101. Plaintiff, as an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq.*, acting on behalf of himself and other similarly aggrieved employees, brings this representative action against Defendant to recover wages and penalties due to Plaintiff and other similarly aggrieved employees and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to $100.00 for each initial violation and $200.00 for each subsequent violation per employee per pay period.

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

102. On December 6, 2016, Plaintiff notified Defendant and the California Labor and Workforce Development Agency ("LWDA") via certified mail of Defendant's violations of the California Labor Code and Plaintiff's intent to bring a claim for wages and penalties under California Labor Code §§ 2698, *et seq.* Once sixty-five days have passed from Plaintiff having provided the aforementioned notice, thereby exhausting Plaintiff's pre-filing requirements under Labor Code §§ 2698, *et seq.*, Plaintiff will file an amended complaint alleging exhaustion of the aforementioned pre-filing requirements.

## **EIGHTH CAUSE OF ACTION**

## **VIOLATION OF THE CAL. BUS. & PROF. CODE § 17200 *et seq.***

### *(As to the California Pre-Authorization and*

### *Adverse Action Subclasses Only)*

103. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

104. California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

105. As described above, Defendant has violated the unlawful prong of the UCL in that Defendant's conduct violated numerous provisions of the FCRA, ICRAA, and the Labor Code.

106. Defendant has violated the unfair prong of the UCL in that they gained an unfair business advantage by failing to comply with state and federal mandates in conducting background checks and otherwise taking the necessary steps to adhere to the FCRA and ICRAA, and by failing to comply with the Labor Code. Further, any

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

1   utility for Defendant's conduct is outweighed by the gravity of the consequences to

2   Plaintiff and putative class members because the conduct offends public policy.

3          107. As a result of Defendant's conduct described herein and its willful,

4   reckless, and/or grossly negligent violations of California Business & Professions

5   Code § 17203, Plaintiff and the classes and subclasses have lost money and suffered

6   harm as described herein.

7          108. Pursuant to California Business & Professions Code § 17203, Plaintiff

8   seeks an order enjoining Defendant from continuing to engage in the unfair and

9   unlawful conduct described herein.

10                          **PRAYER FOR RELIEF**

11          WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other

12   members of the putative classes and subclasses, prays as follows:

13          A.     For an order certifying that this action is properly brought and may be

14   maintained as a class action, that Plaintiff be appointed the class representative, and

15   that Plaintiff's counsel be appointed counsel for the classes and subclasses;

16          B.     For a declaration that Defendant's practices violate the FCRA, ICRAA,

17   Labor Code, and UCL;

18          C.     For an award of statutory, compensatory, special, general, and punitive

19   damages according to proof against Defendant;

20          D.     For an award of appropriate equitable relief, including but not limited to

21   an injunction forbidding Defendant from engaging in further unlawful conduct in

22   violation of the FCRA, ICRAA, Labor Code, and UCL;

23          E.     For penalties pursuant to Labor Code § 226(e), as may be proven;

24          F.     For penalties pursuant to Labor Code § 203 for Plaintiff and all putative

25   class members who quit or were fired in an amount equal to their daily wage times

26   thirty (30) days, as may be proven;

27          G.     For penalties pursuant to Labor Code § 2699;

28   ///

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT

H.   For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement or profits, as may be proven;

I.   For an order awarding reasonable attorneys' fees and the costs of suit herein, including but not limited to an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, California Civil Code §1786.50, California Labor Code §§ 2698, *et seq.*, and California Code of Civil Procedure § 1021.5;

J.   For an award of pre- and post-judgment interest;

K.   For such other and further relief as may be deemed necessary or appropriate.


DATED:   December 6, 2016          COUNSELONE, PC


                                   By  */s/ Anthony J. Orshansky*
                                   Anthony J. Orshansky
                                   Alexandria Kachadoorian
                                   Justin Kachadoorian

                                   *Attorneys for Plaintiff Joe H.*
                                   *Rodriguez and the Putative Class*


## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.


DATED:   December 6, 2016          COUNSELONE, PC


                                   By  */s/ Anthony J. Orshansky*
                                   Anthony J. Orshansky
                                   Alexandria Kachadoorian
                                   Justin Kachadoorian

                                   *Attorneys for Plaintiff Joe H.*
                                   *Rodriguez and the Putative Class*

CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT