JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-09055 AG (DFMx) | Date | June 26, 2017 |
|---|---|---|---|
| Title | JOE H. RODRIGUEZ v. TTM TECHNOLOGIES, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:   [IN CHAMBERS] ORDER REGARDING STAY**

Joe Rodriguez filed this putative class action against TTM Technologies, Inc., purporting to allege violations of the Fair Credit Reporting Act, *see* 15 U.S.C. § 1681 *et seq.*, the Investigative Consumer Reporting Agencies Act, *see* Cal. Civ. Code § 1786 *et seq.*, various provisions of the California Labor Code, the Private Attorneys General Act of 2004, *see* Cal. Lab. Code § 2698 *et seq.*, and California unfair competition law, *see* Cal. Bus. & Prof. Code § 17200 *et seq.* (Am. Compl., Dkt. No. 14 at 16–27.) But back in August 2016, Rodriguez and TTM entered into a binding arbitration agreement that, among other things, covered all "common law and statutory claims" and called for the "waiver of representative, collective or class actions." (Alonso Decl., Ex.1, Dkt. No. 15-4 at 2.) Now, TTM moves to compel individual arbitration. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011).

Congress drafted the Federal Arbitration Act ("FAA") to "overcome judicial resistance to arbitration" and "place[] arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). Section 2, the "primary substantive provision of the Act," *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), thus makes any arbitration agreement "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2.  And just this term, in *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421 (2017), a unanimous Supreme Court reiterated that basic point: The FAA preempts any rule

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-09055 AG (DFMx) | Date | June 26, 2017 |
|---|---|---|---|
| Title | JOE H. RODRIGUEZ v. TTM TECHNOLOGIES, INC. | | |

"discriminating on its face against arbitration," but also "displaces any rule that covertly accomplishes the same objective by disfavoring contracts that (oh so coincidentally) have the defining features of arbitration agreements." *Id.* at 1426.

This case is now at a crossroads. As both parties seem willing to recognize, the continued progress of Rodriguez's claims, at least in a federal forum, will likely rise or fall with *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016). There, a divided panel of the Ninth Circuit held that Section 7 of the National Labor Relations Act ("NLRA"), 28 U.S.C. § 157, invalidates arbitration clauses that "foreclose the possibility of concerted work-related legal claims" and, further, that the FAA "does not dictate a contrary result." *Id.* at 984, 990. But as pointed out by the dissenting judge, a majority of other circuits have reached the opposite conclusion. *See id.* at 998 (citing *Cellular Sales of Missouri, LLC v. NLRB*, 824 F.3d 772, 775 (8th Cir. 2016); *D.R. Horton, Inc. v. NLRB*, 737 F.3d 344, 362 (5th Cir. 2013); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 n.8 (2d Cir. 2013) (per curiam)). What's more, the Supreme Court recently granted certiorari in *Morris* to resolve the question whether the collective-bargaining provisions of the NLRA prohibit the enforcement, under the FAA, of an agreement requiring an employee to arbitrate claims on an individual, rather than collective, basis. *See Ernst & Young, LLP v. Morris*, 137 S. Ct. 809 (2017) (mem.).

Given the great significance of *Morris*, the parties in this (and other cases) have suggested that a brief stay of proceedings may be appropriate. (*Compare* Opp'n, Dkt. No. 20 at 8–9, *with* Reply, Dkt. No. 24 at 2–5.)

In some situations, it's been said that a district court has no occasion "to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *See Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000.) But the inquiry isn't always so simple. Indeed, the Supreme Court has long recognized that a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Consider *Landis v. North American Co.*, 299 U.S. 248 (1936). That case concerned the authority of a district judge to "stay proceedings" in one suit pending the Supreme Court's decision in

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-09055 AG (DFMx) | Date | June 26, 2017 |
|---|---|---|---|
| Title | JOE H. RODRIGUEZ v. TTM TECHNOLOGIES, INC. | | |

another. *Id.* at 249. Rather than place strict "limitations upon [the district court's] power" in such situations, the Court called for "moderation." *Id.* at 255. The Court squarely held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. Any decision to stay, the Court said, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. Although a stay ultimately wasn't appropriate in *Landis*, the Court suggested that "in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences." *Id.* at 256.

Following the Supreme Court's lead, the Ninth Circuit has said that district courts must "weigh[]" various "competing interests" before granting a stay pending the resolution of another proceeding. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Those factors may include "the possible damage which may result from the granting of a stay," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

After weighing these and other factors, the Court concludes that a brief stay is warranted. For example, the stay won't be indefinite or unreasonably long. The Supreme Court has already granted certiorari in *Morris*, and has set the case for consolidated oral argument during October Term 2017. It's entirely possible that the Supreme Court may hand down a decision within the year, but, at any rate, this Court's normal practice is to set periodic status conferences to revisit the necessity and propriety of any stay. Simply put, the Court will ensure that this case doesn't fall through the cracks. Further, as the parties' briefing suggests, the question presented in *Morris* is of great public moment. Although the potential resolution of any clash between the NLRA and the FAA won't resolve every issue in this case, it may end up significantly simplifying the proceedings. And, what's more, the Supreme Court's resolution of this circuit split may end up conserving resources for both the Court and the parties. Particularly so in this case, which is still at the pleading stage and is nascent by almost all other measures. Numerous other courts, in California and across the Ninth Circuit, have

JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-09055 AG (DFMx) | Date | June 26, 2017 |
|---|---|---|---|
| Title | JOE H. RODRIGUEZ v. TTM TECHNOLOGIES, INC. | | |

also stayed proceedings pending the Supreme Court's decision in *Morris. See, e.g.*, *Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 1508853 (N.D. Cal. Apr. 27, 2017); *McElrath v. Uber Techs., Inc.*, No. 16-CV-07241-JSC, 2017 WL 1175591 (N.D. Cal. Mar. 30, 2017); *Rittmann v. Amazon.com Inc.*, No. C16-1554-JCC, 2017 WL 1079926 (W.D. Wash. Mar. 22, 2017).

Finally, the Court is impelled to note that going back quite a few years, inconvenience, if not injustice, has resulted from this Court ruling on arbitrability issues while related issues were pending in higher courts. This Court has repeatedly attempted to discern the position of the Ninth Circuit only to end up lost in the shifting sands of reversals from higher courts. More than once, the interests of justice were also lost in the shifting sands and the resulting delay.

For all these reasons, the Court STAYS this case pending the Supreme Court's decision in *Morris*, and ORDERS the parties to file a joint report within seven days of any ruling. Further, to ensure that this stay doesn't become "immoderate" or "oppressive," the Court sets a status conference for September 25, 2017 at 9:00 a.m.

|  |  | : | 0 |
|---|---|---|---|
| | Initials of Preparer | lmb | |